**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM J. KUTILEK,

      Defendant-Appellant.

No. 07-3275

(District of Kansas)

(D.C. Nos. 07-CV-2121-CM and
05-CR-20019-CM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner William Jay Kutilek, a federal prisoner proceeding *pro se*, seeks a

certificate of appealability (COA) that would allow him to appeal from the district court's

order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. §

2255. *See* 28 U.S.C. § 2253(c)(1)(B). We have jurisdiction under 28 U.S.C. §§ 1291 and

2253. Because we determine that this collateral attack on Mr. Kutilek's conviction and

sentence is in part without merit and in part barred under the waiver of appeal he executed

as part of his plea agreement in this case, we conclude that Mr. Kutilek has failed to make

"a substantial showing of the denial of a constitutional right," and therefore deny his

request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

# I. BACKGROUND

After the search of his two residences revealed substantial quantities of marijuana, Mr. Kutilek was indicted on two counts of violations of the Controlled Substances Act. On August 1, 2005, he pleaded guilty to Count One: knowingly and intentionally manufacturing and possessing with the intent to distribute 100 or more marijuana plants, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii), and 18 U.S.C. § 2. A second count, possession with intent to distribute marijuana, was dropped. At sentencing, Mr. Kutilek received the mandatory minimum punishment provided by law for the crime: five years incarceration, to be followed by four years supervised release. 21 U.S.C. § 841(b)(1)(B).

As part of his plea, Mr. Kutilek signed a plea agreement with the government. In the agreement, Mr. Kutilek admitted the facts underlying his conviction. He also, *inter alia*, agreed to waive his right to appeal or collaterally attack his conviction or sentence, except in certain instances:

> Waiver of Appeal and Collateral Attack. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives

the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Dist. Dkt. Doc. 34, at 6–7 (bracketed text in original). Despite this waiver, Mr. Kutilek tried to appeal. On the government's motion to enforce the plea agreement, we dismissed that appeal. *United States v. Kutilek*, No. 05-3418 (10th Cir. Mar. 24, 2006).

Mr. Kutilek then filed in the district court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He alleged that (1) his attorney induced him to sign an unconstitutionally ambiguous plea agreement; (2) he never possessed marijuana with intent to distribute it, and in any event possessed fewer than 100 plants; (3) he did not receive a three-level reduction in his offense level for acceptance of responsibility; (4) his attorney failed to present evidence to rebut the facts established by the government at sentencing; (5) he was sentenced under the wrong subparagraph of 21 U.S.C. § 841(b); (6) his guilty plea was not wilful or knowing because it was based on defective advice from counsel; (7) if he had gone to trial, he could only have been convicted of simple possession, and would have received a sentence less than five years; (8) the government did not prove that he was in a conspiracy to distribute marijuana; and (9) the indictment was defective, because a violation of 21 U.S.C. § 841(b)(1)(B)(vii) should only be charged if the defendant was in a conspiracy or if there is evidence showing that the defendant actually carried out distribution.

-3-

Citing the waiver of collateral attack contained in the plea agreement, the government moved for dismissal of Mr. Kutilek's § 2255 motion. The district court agreed, finding Mr. Kutilek's claim of ineffective assistance of counsel to be unsubstantiated and the rest of his claims to be barred by the waiver. Mr. Kutilek filed a timely notice of appeal, *see United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (holding that 60-day time limit for notice of appeal in civil cases, not 10-day limit in criminal cases, applies to § 2255 proceedings), along with a petition that the district court issue a COA. The court declined, and this appeal followed.

## II. DISCUSSION

### A. Legal Standard

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). This mandate is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). There is an exception, however: no waiver can bar a § 2255 motion "based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187. Where a defendant "'accepted the waiver in reliance on delinquent representation,'" it would be "altogether inconceivable" for the waiver to impede such a challenge to its own foundation. *Id.* at 1184 (quoting *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999)). In deciding whether an issue was waived, we conduct a three-pronged analysis. We determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate [or collateral attack] rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). In considering Mr. Kutilek's arguments, we will construe his submissions liberally on account of his *pro se* status. *See, e.g.*, *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007); *Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 436–37 (10th Cir. 1992).

### B. Validity of Waiver

#### 1. Scope of Waiver

As to the first of the three *Hahn* prongs, the plain language of the waiver is the touchstone of our analysis. *See United States v. Anderson*, 374 F.3d 955, 957–58 (10th

Cir. 2004). Because plea agreements are read under ordinary contract principles "'we will strictly construe waiver appeals and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights.'" *Id.* at 957 (quoting *Hahn*, 359 F.3d at 1328). We have no difficulty in concluding that the waiver at issue in this case covers the arguments Mr. Kutilek makes in his § 2255 petition. The scope of the waiver is very broad: a relinquishment of "any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence," and "any right to challenge a sentence or otherwise attempt to modify or change his sentence or [the] manner in which it was determined in any collateral attack." Dist. Dkt. Doc. 34, at 6–7. The agreement includes three exceptions, only one of which is applicable: the ineffective assistance of counsel claim as applied through *Cockerham*. We will address that claim on the merits, below.

### 2. Knowing and Voluntary Waiver

We next consider whether Mr. Kutilek's waiver was knowing and voluntary, mindful that the burden is squarely on Mr. Kutilek to demonstrate that it was not. *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007). "[W]e especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325 (citation omitted). Here, Mr. Kutilek signed the plea agreement immediately after its closing words: "[T]he defendant acknowledges that he has read the plea agreement,

-6-

understands it and agrees it is true and accurate . . . . The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily." Dist. Dkt. Doc. 34, at 8–9.

As to the plea colloquy, our review of the transcript of the change-of-plea hearing in this case convinces us readily that Mr. Kutilek was alert, aware, satisfied with the representation of his counsel, understood the nature of the charges against him and the consequences of pleading guilty, and genuinely wished to enter a plea of guilty. Under Rule 11, a district court must also specifically ensure that the defendant is informed of and understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). On this subject, the following colloquy took place:

> THE COURT: Do you also understand that under some circumstances, you or the government may have the right to appeal any sentence that the court may impose, subject to any waiver of appeal you may agree to in a plea agreement?
>
> (Defendant talking to his attorney off the record.)
>
> THE DEFENDANT: Okay. Yes, sir, I do understand.
>
> THE COURT: For point of reference for you as well, my understanding is that there is a plea agreement that you've entered into.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And Paragraph 11 on Page 6 addresses the waiver of appeal provision.
>
> THE DEFENDANT: Oh, yes, I have read that.

Dist. Dkt. Doc. 62, at 13–14. This may not be blue-ribbon performance on the district court's part—informing the defendant that there *is* an appeal waiver provision is not quite the same as informing him of the *terms* of a waiver of appeal *and collateral attack*, as Rule 11 requires.[1] Yet "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." *Hahn*, 359 F.3d 1315, 1327 (quoting *United States v. Ruiz*, 536 U.S. 622, 629 (2002)) (emphasis omitted). Here, Mr. Kutilek was informed of the existence of an appeal waiver. He said he had read it. He even discussed it with his attorney contemporaneously. Counsel made no objection to the court's colloquy with the defendant.

Mr. Kutilek argued below that this colloquy "is a proven indication that Defendant Kutilek did not have a clue to what he should respond to, but he can surely rely on his attorney to just say 'yes.'" R., doc. 72, at 4. But Mr. Kutilek's attorney did not say "yes"—Mr. Kutilek did. He further writes, "Moreover, almost all defendants that go

---

[1]We have found it necessary in some prior cases "to remind district courts," and we reiterate now, that they should "perform vigilantly their duties under Rule 11. Strict compliance with the requirements of Rule 11 conserves judicial resources and offers the best mechanism to ensure that defendants understand their situation. This is especially true with appellate waivers, because these waivers will, in most instances, prevent defendants from bringing issues to the attention of an appellate court." *United States v. Edgar*, 348 F.3d 867, 871 n.3 (10th Cir. 2003). Because Mr. Kutilek does not assign error to the district court's conduct under Rule 11(b)(1)(N), we need not consider this issue any further.

before the Court pursuant to a Rule 11 plea hearing don't have a clue as to how to respond to questions asked by a Judge." *Id.* Yes they do—they can tell the truth, even if that means saying that they don't understand the question. Mr. Kutilek took an oath at the outset to answer questions honestly, and "[s]olemn declarations in open court," like Mr. Kutilek's declaration that he had read and understood the waiver, "carry a strong presumption of verity" which he has not rebutted. *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996).

In all, considering the fact that Mr. Kutilek's attention was drawn expressly to the waiver provision, that he conferred about it with his counsel, and that the plea agreement's waiver language is clear, we are satisfied that the waiver was knowing and voluntary. *See United States v. Edgar*, 348 F.3d 867, 872 (10th Cir. 2003).

### 3. Miscarriage of Justice

An appeal waiver cannot be enforced if doing so would result in a miscarriage of justice. In this context, a miscarriage of justice occurs only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d 1315, 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)) (bracketed numbers in original). Mr. Kutilek argues under the second, third and fourth prongs. He claims that his counsel was ineffective (1) for failing to realize that the indictment was defective and to object to it; (2) for failing to research other statutes

under which Mr. Kutilek thinks he should have been charged; (3) for failing to explain the mandatory minimum sentence for the crime of which he was charged; and (4) for not objecting when Mr. Kutilek was sentenced. He claims next that his 60-month sentence exceeded the statutory maximum, in that it exceeded the Guidelines range of 18 to 24 months which would have been applicable in the absence of a statutory minimum. Finally, he advances that the waiver was "otherwise unlawful" for substantially the reasons given before, and also because the district court induced his plea by failing to inform him that his offense carried a statutory minimum term of incarceration.

### a. Ineffective Assistance of Counsel

The first argument concerning ineffective assistance of counsel runs as follows. The indictment charged Mr. Kutilek with two violations of 21 U.S.C. § 841(a)(1): that he "knowingly, and intentionally manufacture[d] and possess[ed] with the intent to distribute, 100 or more marijuana plants" (Count 1), and that he "knowingly and intentionally possessed with intent to distribute marijuana" (Count 2). R., doc. 1, at 1. Mr. Kutilek advances that the first offense includes the second—an impermissible multiplicity of charges on the same conduct—and that he was induced to plead guilty by the government's promise to drop the second charge. If his counsel had investigated, we are told, he would have found that the indictment was defective.

A thorough review of Mr. Kutilek's § 2255 motion in the district court, and supporting documents, reveals this argument to be completely novel. "'Because we will generally not consider issues raised on appeal that were not first presented to the district

-10-

court, we do not address this issue.'" *Parker v. Scott*, 394 F.3d 1302, 1309 n.1 (10th Cir. 2005) (quoting *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999)); *accord Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004). Even if it had properly been raised, we would reject the argument, both because the claim of ineffectiveness does not relate to the negotiation of the plea or waiver, and because counsel's performance on this point was entirely professional and constitutionally adequate.

Nor was counsel ineffective because he did not "research the statutes to make a finding that defendant should have been indicted and charged" only with simple possession of marijuana under 21 U.S.C. § 844(a). Petr's Br. 26. Again, this claim does not relate to the negotiation of the plea or waiver. Moreover, selecting charges is the government's prerogative, and a review of the government's evidentiary proffer at the plea hearing demonstrates a more than sufficient basis to proceed under § 841(a).

Third, Mr. Kutilek argues that his attorney failed to ensure that he understood the mandatory minimum sentence he faced if convicted of this offense. The gist of his argument is that he did not realize the statute under which he pleaded guilty carried a mandatory minimum sentence of 60 months; that he thought he would be sentenced under the ordinary Guidelines range, *i.e.*, not as raised to meet the mandatory minimum under § 5G1.1(b); and that if he had known all this, he would not have pleaded guilty. He says that the only reason he did so was to obtain the three-level reduction in his offense level for acceptance of responsibility—a reduction which turned out to make no difference on account of the mandatory minimum.

-11-

However, as the district court recognized, a "miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570–71 (10th Cir. 1993); *accord United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) ("[S]tanding alone, an attorney's erroneous sentence estimate does not render a plea involuntary."). Thus, even if defense counsel incorrectly explained the mandatory minimum, this would not render his assistance ineffective.

Moreover, Mr. Kutilek has offered no details to support his conclusory assertion that his counsel misadvised him. *See Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971). To the contrary, the record indicates that Mr. Kutilek was repeatedly apprised of the statutory minimum applicable to his case. The plea agreement informed him that

> the maximum sentence which may be imposed as to Count 1 of the indictment to which the defendant has agreed to plead guilty is not less than 5 years nor more than 40 years of imprisonment, not more than a $2,000,000 fine, not less than 4 years of supervised release, and a $100 mandatory special assessment or if the defendant has a prior conviction for a felony drug offense the penalties are not less than 10 years nor more than life imprisonment, . . . .

Dist. Dkt. Doc. 34, at 1. At the plea hearing, the judge said:

> THE COURT: Need to let you know that by pleading guilty, there's certain maximum penalties and punishments that you could receive. You understand that by pleading guilty, you could receive a term of imprisonment of not less than five years nor more than 40 years of imprisonment?
>
> THE DEFENDANT: Yes, I do.

-12-

> THE COURT: And do you understand that if you have a prior conviction for a felony drug offense, in regards to your term of imprisonment, it could be a term of not less than 10 years nor more than life imprisonment?
>
> THE DEFENDANT: Yes, I do.

Dist. Dkt. Doc. 62, at 8.

This discussion shows that Mr. Kutilek understood not only that he faced five years in prison, but that he faced up to *forty*. And although he may have anticipated that his Guidelines range would be 18–24 months, he acknowledged at his plea hearing that "the court will not be able to determine the guideline sentence that might apply to [his] case until after a presentence investigation report has been completed and [he] and [the] government have had an opportunity to challenge the facts as reported by the probation officer." *Id.* at 12. Mr. Kutilek likewise agreed "that if the sentence is more severe than [he] expected, [he] will still be bound by [his] plea." *Id.* at 17. Against such a factual backdrop, the defendant's mere "allegation that he would have gone to trial but for his attorney's failure to advise him of the" mandatory minimum "is insufficient to establish prejudice." *United States v. Hamilton*, ___ F.3d ___, No. 06-5231, 2007 WL 4393257, at *5 (10th Cir. Dec. 18, 2007) (citing *Gordon*, 4 F.3d at 1571).

Although it may little assuage Mr. Kutilek, we take a moment to explain that, contrary to his supposition, the 60-month mandatory minimum did not genuinely "nullify" his three-level acceptance-of-responsibility reduction—not, that is, through anyone's fault but his own. Certain nonviolent offenders with a low criminal history, including Mr. Kutilek, are eligible for the so-called "safety valve," a provision which

-13-

allows a court to "impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence."  U.S.S.G. § 5C1.2(a); *see* 18 U.S.C. § 3553(f).  To get the benefit of the safety valve, however, the defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  U.S.S.G. § 5C1.2(a)(5).  Under the safety valve, acceptance of responsibility would have reduced Mr. Kutilek's offense level from 18 (27–33 months) to 17 (24–30 months).  (Where the statutory minimum is 60 months or more, the offense level cannot be reduced below 17.)  Mr. Kutilek's counsel recognized the potential applicability of the safety valve and moved for a reduction of the sentence.  But because Mr. Kutilek refused to tell the government to whom he was selling all the marijuana he was growing, the district court—properly—denied the motion.  If he had told the whole truth, Mr. Kutilek might have had a Guidelines sentence as low as 24 months, reflecting at least some of the benefit of his acceptance of responsibility.  It was within his control.

Finally, Mr. Kutilek argues that enforcement of the waiver would work a miscarriage of justice because his counsel was ineffective at sentencing.  But it is "ineffective assistance of counsel *in connection with the negotiation of the waiver*" that can "render[] the waiver invalid."  *United States v. Hahn*, 359 F.3d 1315, 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (2001)) (emphasis added).  Ineffectiveness in connection with the sentencing, which took place some eleven weeks after the plea was taken and the agreement signed, cannot.

### b. Statutory Maximum

Mr. Kutilek's argument that his waiver is void on the third prong of the miscarriage-of-justice test, applicable where the sentence exceeds the statutory maximum, is opaque to us. We can only point out that a Guidelines maximum is not the same thing as a statutory maximum; that even if it were, the Guidelines maximum here was 60 months under U.S.S.G. § 5G1.1(b), and that the actual statutory maximum for the offense charged is 480 months. 21 U.S.C. § 841(a)(1), (b)(1)(B).

### c. "Otherwise Unlawful"

Finally, Mr. Kutilek argues that the district court failed to inform him at the time of his plea hearing of "any mandatory minimum penalty" applicable to his crime, as required under Fed. R. Crim. P. 11(b)(1)(I). This issue was not raised below. We will therefore not address it here, except to refer to our discussion of the Rule 11 colloquy above.

### III. CONCLUSION

We find that all three parts of the *Hahn* test for upholding the validity of an appellate waiver are satisfied, and thus that the waiver was properly enforced by the district court. As to the claims not waivable—those pertaining to ineffective assistance of counsel "challenging the validity of the plea or the waiver"—they were correctly analyzed and rejected by the district court. We do not find that Mr. Kutilek "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Accordingly, we **DENY** Mr. Kutilek's request for a certificate of appealability and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge