FILED
United States Court of Appeals
Tenth Circuit

November 15, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee.

v.

DARRELL TRIPLETT,

Defendant - Appellant.

No. 10-3052
(D. Ct. No. 5:08-CV-04114-JAR)
(D. Kan.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Darrell Triplett, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to challenge the dismissal of his petition for habeas corpus which he brought pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c), we DENY Mr. Triplett's application for a COA, and we

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

DISMISS his appeal.

## I. BACKGROUND

On September 22, 2003, Mr. Triplett pleaded guilty to possession and conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a) and 846. Mr. Triplett executed a Petition to Enter Plea of Guilty, in which he admitted that he had committed the crimes and agreed to waive both his rights to appeal and to collaterally attack his conviction. Furthermore, Mr. Triplett acknowledged that he had decided to plead guilty and to waive his rights knowingly and voluntarily.

Additionally, Mr. Triplett executed a written plea agreement which states:

[Mr. Triplett] knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. . . . [Mr. Triplett] also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 . . . In other words, [Mr. Triplett] waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable guideline range determined by the court.

After conducting a plea colloquy in accordance with Rule 11, the district court accepted Mr. Triplett's guilty plea.

At the sentencing hearing, the district court considered and adopted the pre-sentence report ("PSR"). Relying on the PSR, the district court found that Mr. Triplett's relevant conduct included involvement with the distribution of 397.78 kilograms of cocaine. Applying the United States Sentencing Guidelines, the district court concluded

- 2 -

that it was required to impose two concurrent sentences of life imprisonment.

Despite having waived his right to appeal, Mr. Triplett filed a direct appeal in this court. The government moved to enforce the appellate waiver contained in the plea agreement. While the direct appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). In light of *Booker*, the government withdrew its motion to enforce the appellate waiver and requested that the case be remanded for re-sentencing due to plain error. At re-sentencing, the district court varied downward and imposed concurrent sentences of 360 months' imprisonment.

Mr. Triplett again sought direct review of his sentence. We denied review, however, after concluding that his appellate waiver was enforceable. *United States v. Triplett*, No. 06-3249, 2007 WL 779282 (10th Cir. Mar. 16, 2007). On September 29, 2008, Mr. Triplett filed the instant § 2255 petition seeking to vacate his sentence. The district court granted the government's motion to enforce Mr. Triplett's collateral attack waiver and dismissed the petition. Mr. Triplett then filed a motion for reconsideration, which the district court denied. He now seeks a COA from this court.

## II. DISCUSSION

In order to appeal from the denial of a § 2255 petition, a prisoner must obtain a COA. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). When, as is the case here, the district court denies a § 2255 petition on procedural grounds, the prisoner satisfies this burden by demonstrating "that jurists of reason would find it

- 3 -

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Generally, a waiver of the right to bring a collateral attack is enforceable and requires dismissal of a § 2255 petition. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). We enforce such waivers as long as: (1) the disputed collateral attack falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his right to collateral review; and (3) enforcing the waiver will not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (reviewing a waiver of appellate rights); *see also Cockerham*, 237 F.3d at 1182–83 (holding that the enforceability of a waiver of the right to bring a collateral attack is assessed under the same standards as a waiver of appellate rights).

In his § 2255 petition, Mr. Triplett raises multiple claims challenging the validity of his plea and sentence. All of Mr. Triplett's claims fall within the scope of the broad waiver provisions in his plea agreement; therefore, we need only discuss the second and third *Hahn* factors.

Mr. Triplett claims that he did not knowingly and voluntarily waive his right to collateral review because: (1) he was coerced into the plea agreement by threats that the

prosecution would indict his mother for participation in his criminal venture; (2) during the plea colloquy, the district court misled him to believe that he would have the right to appeal any sentence imposed; and (3) the language of the plea agreement misled him to believe that his sentence would be based solely on the facts he admitted, not on the court's relevant-conduct findings.

We assess the voluntariness of a waiver by looking primarily to the plea agreement and the plea colloquy. *Hahn*, 359 F.3d at 1325. Here, Mr. Triplett acknowledged in the plea agreement and during the plea colloquy that his decision to enter into the plea agreement was knowing and voluntary. The plea agreement provides, "[Mr. Triplett] acknowledges that he is entering into this agreement and pleading guilty . . . freely and voluntarily." Likewise, during the plea colloquy, Mr. Triplett told the district court that he understood the terms of his plea agreement and was pleading guilty voluntarily and of his own free will.

Mr. Triplett fails to point to any evidence other than his self-serving statements to support his claim that his plea was coerced. Furthermore, such allegations are undermined by his sworn statements to the court. *See* Plea Agreement, ¶ 16 ("[Mr. Triplett] acknowledges that he has read the plea agreement, understands it, and agrees that it is . . . not the result of any threats, duress or coercion."). Indeed, during the plea colloquy, the district court asked Mr. Triplett if anyone pressured or coerced him to enter into the plea agreement, to which he replied, "No. My counsel just advised this would probably be [in] my best interest." Accordingly, we reject Mr. Triplett's contention that

he was coerced into entering into the plea agreement.

We also reject Mr. Triplett's claim that he was misled into pleading guilty by the district court's statements during the plea colloquy. We have held that a sentencing court's mischaracterization of a waiver provision during a plea colloquy, prior to the signing of the plea agreement or entry of a guilty plea, can create a material ambiguity which may render the waiver involuntary and unenforceable. *United States v. Wilken*, 498 F.3d 1160, 1167– 69 (10th Cir. 2007). Mr. Triplett argues that the following statement by the district court created such a material ambiguity: "And under some circumstances, the government has the right to appeal any sentence I impose, and you [Mr. Triplett] have the right to appeal any sentence I impose." We disagree. This statement does not convey, as Mr. Triplett suggests, that he would have an unfettered right to appeal his sentence. Indeed, it can only be understood to mean that he would have the right to appeal his sentence "under some circumstances."

Finally, Mr. Triplett's claim that the language of the plea agreement misled him to believe that his sentence would not be based on the court's relevant conduct findings is without merit. The relevant portion of the Petition to Enter Plea of Guilty states, "I know that if I plead 'GUILTY,' I am thereby waiving my right to a trial and that there will be no further trial of any kind." This statement communicates that Mr. Triplett would not be subject to any further trial, but it does not suggest that the sentencing court would ignore relevant conduct when calculating his sentence. Furthermore, the plea agreement clearly indicates that the court would consider "other uncharged related criminal activity as

- 6 -

relevant conduct for purposes of calculating the offense level." And, during the plea colloquy, the district court went to great lengths to explain how it would consider relevant conduct in fashioning Mr. Triplett's sentence. Accordingly, we hold that Mr. Triplett knowingly and voluntarily entered into the plea agreement and waived his right to collateral review.

Next, we consider whether enforcing the waiver to bar Mr. Triplett's claims would result in a miscarriage of justice. A waiver of post-conviction rights results in a miscarriage of justice and is therefore unenforceable if: (1) the district court relied on an impermissible factor such as race; (2) the prisoner's counsel was ineffective in connection with the negotiation of the plea agreement; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. *Cockerham*, 237 F.3d at 1182. Although the second and fourth of these circumstances are potentially applicable in this case, neither operates to invalidate Mr. Triplett's waiver.

To demonstrate ineffective assistance of counsel in connection with the negotiation of a guilty plea, Mr. Triplett must show that: (1) his "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985).

Mr. Triplett alleges that he entered into the plea agreement based on his attorney's inaccurate representations that he faced a maximum sentence of fifteen years imprisonment and would still be able to appeal his conviction. We have held, however,

that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Moreover, the district court explained to Mr. Triplett during the plea colloquy that he faced a maximum penalty of life imprisonment and that he would be able to appeal only in limited circumstances. Accordingly, Mr. Triplett has not established any constitutionally deficient performance on the part of his counsel, let alone prejudice because of his counsel's error.

Additionally, "[t]o be 'otherwise unlawful,' an error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Smith*, 500 F.3d 1206, 1212 (10th Cir. 2007) (quotations and alteration omitted). When determining whether to enforce a collateral-review waiver, we look only "to whether the waiver [itself] is otherwise unlawful, . . . not to whether another aspect of the proceeding may have involved legal error." *Id.* at 1213 (quotations and emphasis omitted). There is no evidence in the record to support Mr. Triplett's contention that his collateral review waiver calls into question the fairness, integrity, or public reputation of judicial proceedings. Therefore, we conclude that enforcing the waiver provisions in Mr. Triplett's plea agreement would not result in a miscarriage of justice.

Finally, we find no merit in Mr. Triplett's contention that the government waived its right to enforce the collateral review waiver by moving to remand after the Supreme Court's decision in *Booker*. Indeed, this argument has already been rejected by a prior

panel of this court. *See Triplett*, 2007 WL 779282, at *2. Accordingly, the district court properly enforced the waiver contained in the plea agreement and correctly dismissed Mr. Triplett's § 2255 petition.

## III. CONCLUSION

For the foregoing reasons, the district court properly dismissed Mr. Triplett's § 2255 petition as barred by the waiver provisions in the plea agreement. Accordingly, we DENY Mr. Triplett's application for a COA and DISMISS his appeal. We also DENY his application to proceed in forma pauperis on appeal and his motion for leave to file an appendix.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge