**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

MICHAEL B. JORDAN,

      Defendant–Appellant.

No. 13-3033
(D.C. No. 5:12-CV-04047-JAR;
& 5:06-CR-40160-JAR-3)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Michael Jordan, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255

motion. We deny a COA and dismiss the appeal.

**I**

Jordan pled guilty to one count of conspiracy to possess with intent to distribute

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

five kilograms or more of cocaine in violation of 21 U.S.C. § 846. He was sentenced to 210 months' imprisonment with five years of supervised release. This court affirmed his sentence on direct appeal. United States v. Jordan, 428 F. App'x 812 (10th Cir. 2011).

On May 7, 2012, Jordan filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In that motion, he asserted: (1) his counsel was ineffective for failing to advise him of the potential for sentencing enhancements; (2) his counsel failed to call certain defense witnesses during sentencing; (3) his plea was not knowing and voluntary in light of his counsel's deficiencies; and (4) his counsel failed to challenge the validity of wiretap evidence. The district court denied his motion and declined to grant a COA. Jordan now seeks a COA from this court.

## II

A defendant must first obtain a COA to appeal the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," § 2253(c)(2), which requires him to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

In order to succeed on an ineffective assistance of counsel claim, a litigant must show that his counsel's performance fell below an objective standard of reasonableness and that there was a reasonable probability that his counsel's deficiencies influenced the

-2-

outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

There is a strong presumption that counsel's actions fell within the wide range of reasonable professional assistance. Id. at 689. In addition, "[a]lthough we must liberally construe [d]efendant's pro se petition, we are not required to fashion [d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

According to Jordan, his counsel improperly advised him that under the plea agreement he would be sentenced to a maximum of 135 months' imprisonment. Jordan claims that had he known of the applicable sentencing enhancements, he would not have accepted the plea. However, on the record before us, Jordan's attorney told Jordan of sentencing enhancements he could be subject to and Jordan understood that his actual sentence could vary between the statutory minimum of ten years and the maximum of life imprisonment. Moreover, even if Jordan's counsel had informed him that 135 months was his maximum sentence exposure, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993).

Jordan also claims that defense counsel was deficient for failing to call his family members as witnesses at his sentencing hearing. "Strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not

merely wrong, so that they bear no relationship to a possible defense strategy." Moore v. Marr, 254 F.3d 1235, 1239 (10th Cir. 2001) (quotation, citation, and alteration omitted). Jordan argues that his family members would have testified that his guilty plea was not voluntary, but he does not further elaborate to explain what they would have said or how their testimony would have altered the outcome. Such conclusory allegations do not state a viable claim under Strickland. 466 U.S. at 694.

Finally, we are not persuaded by Jordan's argument that his three appointed attorneys were ineffective for failing to challenge the wiretap authorization. Again, Jordan makes only conclusory allegations and does not put forth any facts to support his claim that the wiretap's authorization was based on false or misleading information or otherwise set forth a meritorious Fourth Amendment challenge. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (where counsel's failure to litigate a Fourth Amendment claim is the allegation of ineffectiveness, the defendant must also prove that his claim is meritorious).

## III

Jordan has not shown either deficient performance or prejudice under Strickland.[1]

---

[1] On appeal, Jordan does not specifically allege that his plea was not knowing and voluntary, a claim he made in his original § 2255 motion. To the extent that his pro se filing can be construed to make this argument, we also find such a claim meritless. See Jordan, 428 F. App'x at 817.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge