FILED
United States Court of Appeals
Tenth Circuit

October 22, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MACIEL LEYVA GARCIA,

Defendant - Appellant.

No. 15-4043
(D.C. Nos. 2:12-CV-00678-RJS and
2:12-CR-00065-DB-1)
(D. of Utah)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **HARTZ**, Circuit Judges.

Maciel Leyva Garcia, proceeding *pro se*,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe *pro se* filings liberally. *Standifer v. Ledezma*, 653 F.3d 1276, 1277 n.1 (10th Cir. 2011).

# I. Background

In February 2007, the government filed a criminal complaint against Garcia and two co-defendants. Count I charged the co-defendants, but not Garcia, with distribution or possession with intent to distribute 500 grams of methamphetamine. *See* 21 U.S.C. § 841(a)(1). Count II charged Garcia and his co-defendants with conspiracy to distribute or possess with intent to distribute 500 grams of methamphetamine. *See id.* §§ 841(a)(1), 846. For unknown reasons, the complaint stated that both counts were punishable under 21 U.S.C. § 841(b)(1)(B). That section provides for a sentence between five and forty years' imprisonment where the crime involves five grams or more of methamphetamine. *Id.* § 841(b)(1)(B)(viii). But in fact, both charges in the complaint are punishable under subsection (A), which requires a more severe sentence of ten years to life imprisonment where the amount exceeds fifty grams. *Id.* § 841(b)(1)(A)(viii).

After arresting Garcia in 2009, the government filed a felony information charging him with essentially the same crime listed in the complaint: conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. This time, the information correctly stated that he would be punished under 21 U.S.C. § 841(b)(1)(A)—ten years to life imprisonment. But Garcia alleges that his counsel consistently told him he faced a minimum of five

years and a maximum of forty. Counsel predicted that Garcia would receive seven or eight years.

Garcia pleaded guilty on counsel's advice. He waived his right to an appeal or collateral review. The district court sentenced him to 210 months in prison, the low end of the range recommended by the United States Sentencing Guidelines. Garcia asked his counsel to appeal, but received no response. Garcia then brought this habeas petition, alleging ineffective assistance of counsel during and after the plea process. The district court denied the motion because it was clear at the time of the plea that Garcia faced a single count carrying a sentence of ten years to life imprisonment.

## II. Analysis

Although Garcia waived his right to collateral review, that does not bar him from bringing "ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). We therefore consider this petition. In doing so, we review the district court's legal determinations de novo and its factual conclusions for clear error. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001). We only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

### A. Counsel's Performance During the Plea Process

To succeed on a claim for ineffective assistance of counsel, Garcia must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To demonstrate prejudice in the guilty plea context, Garcia "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Garcia argues that his plea was involuntary and unknowing because he thought he was pleading to a charge carrying a sentence between five and forty years' imprisonment. Specifically, he believed he was pleading to Count I of the complaint, which he asserts is less severe than Count II. He claims that when the government issued its felony information, he believed it was charging him with Count I and not Count II. In addition, he alleges that his counsel bolstered the misconception by erroneously advising him that he faced five to forty years, rather than ten years to life. Garcia concludes that this was deficient performance and that had counsel performed reasonably, Garcia would not have accepted the plea. There are several flaws in this argument.

-4-

First, Count I of the complaint does not name Garcia. It only names his co-defendants. Garcia is named in Count II, and there was never any suggestion that he was subject to Count I. Second, the felony information plainly stated that Garcia was charged with conspiracy—the crime alleged in Count II. Finally, as noted above, Count II is not more severe than Count I. Conspiracy carries the same sentence as the completed act, 21 U.S.C. § 846, and both counts involved the same quantity of methamphetamine. Indeed, the complaint specified that both crimes were subject to the same statutory penalty. Thus, the suggestion that Garcia thought he was pleading to the lesser of two crimes appears unfounded.

Of course, Garcia claims his counsel incorrectly advised him that he would only receive five to forty years' imprisonment. This may have flowed from the complaint, which erroneously stated that Counts I and II were punishable under 21 U.S.C. § 841(b)(1)(B), when in fact they were punishable under 21 U.S.C. § 841(b)(1)(A) because they involved more than fifty grams of methamphetamine. But while this was incorrect if given, we have routinely held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993), *see also United States v. Jordan*, 516 F. App'x 681, 682 (10th Cir. 2013) (applying *Gordon* where counsel explained the wrong maximum sentence); *United States v. Triplett*, 402 F. App'x 344, 348 (10th Cir. 2010) (same); *United States v. Kutilek*,

-5-

260 F. App'x 139, 147–48 (10th Cir. 2008) (applying *Gordon* where counsel explained the wrong mandatory minimum).

Moreover, even if counsel's performance was deficient, Garcia cannot show prejudice. His assertion that counsel's error rendered the plea unknowing and involuntary is undercut by his statement in advance of plea, in which he acknowledged that he faced a sentence of ten years to life in prison. *See United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (holding that where a defendant acknowledged awareness of the consequences of his plea agreement, counsel's erroneous explanation of the consequences was not prejudicial).

Consequently, Garcia does not sufficiently allege ineffective assistance of counsel. Reasonable jurists could not debate this conclusion.

### B. Counsel's Performance at Judgment and Sentencing

Garcia additionally argues that counsel was defective by failing to object at judgment and sentencing. These claims fail because they depend on Garcia's assertion that counsel should have known there was something wrong with the plea agreement. Garcia was adjudicated guilty of the crime specified in the plea agreement, and he was sentenced within the statutory bounds for that crime. In fact, he was sentenced at the lower end of his guidelines range. Thus, Garcia fails to identify a ground upon which counsel should have objected.

Reasonable jurists would not find this issue debatable.

### C. Counsel's Performance in Failing to Appeal

Finally, Garcia argues that counsel was ineffective in disregarding his instruction to appeal. Below, the government argued that Garcia's collateral attack waiver barred this claim. The district court agreed, and so do we. In determining whether a collateral attack waiver is enforceable, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); *see also United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (applying *Hahn* to collateral attack waiver).

Garcia's § 2255 motion is outside the scope of the waiver to the extent that it alleges "ineffective assistance of counsel . . . challenging the validity of the plea or the waiver." *Cockerham*, 237 F.3d at 1187. But his claim that counsel was deficient in failing to appeal is unrelated to our review of whether counsel was deficient during the plea process. *See United States v. Parker*, 720 F.3d 781, 787 (10th Cir. 2013) (denying COA where "ineffective assistance based on the failure to file a requested appeal [was] within the scope of the [collateral attack] waiver"). Moreover, Garcia cannot show that his waiver was unknowing or involuntary because his statement in advance of plea expressly acknowledged that he waived the right to bring a § 2255 motion. Nor do we perceive any

miscarriage of justice.  Accordingly, the district court did not err in enforcing the collateral attack waiver.  *Id.*

In sum, reasonable jurists could not find room for debate.

## III.  Conclusion

For the foregoing reasons, we DENY a COA and DISMISS the appeal.  We GRANT Garcia's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge