FILED
United States Court of Appeals
Tenth Circuit

June 1, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTURO HIDROGO, a/k/a Tito,

Defendant - Appellant.

No. 16-6032
(D.C. No. 5:14-CR-00313-M-2)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MATHESON**, Circuit Judges.

---

Arturo Hidrogo pled guilty to two counts of possession with intent to distribute methamphetamine for which he received concurrent sentences of 108 months—both at the bottom of the applicable guideline range determined by the district court. In a plea agreement, he "waive[d] his right to appeal his sentence . . . and the manner in which the sentence is determined," unless it "is above the advisory guideline range determined by the Court to apply to his case." R. Vol. 1 at 187. Notwithstanding

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this appeal waiver, Mr. Hidrogo filed a notice of appeal indicating he would challenge the sentence imposed on him. The government has moved to enforce his appeal waiver. We grant the motion.

The government's motion demonstrates, in a facially sufficient manner, that the waiver in the plea agreement applies to this appeal, that the waiver was knowing and voluntary, and that there are no circumstances evident on the existing record to suggest a miscarriage of justice. *See generally United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (summarizing three components of court's inquiry when enforcing appeal waiver). Mr. Hidrogo's counsel responded to the government's motion by (1) explaining that Mr. Hidrogo wished to challenge the consideration of relevant conduct at sentencing, (2) conceding that no legal or factual basis existed for questioning application of the appeal waiver, and (3) requesting an opportunity to move to withdraw in the event this court granted the government's motion.

In light of his counsel's response, the court gave Mr. Hidrogo an opportunity to address the government's motion. He raises three points to support his opposition to the motion, none of which has merit.

First, he claims he mistakenly thought the interpreter at his change of plea hearing said he had a right to appeal. Nothing in the transcript of the plea colloquy lends support to this claim. Government counsel indicated the right to appeal was waived so long as the court imposed a sentence within the guideline range, and

Mr. Hidrogo affirmed that understanding. *See* R. Vol. 3 at 93-94. Moreover, the plea agreement and associated petition clearly describe the nature of his appeal waiver and confirm that he discussed it with counsel and understood it. *See* R. Vol. 1 at 177-78, 179, 187, 189. Mr. Hidrogo's self-serving statements about his misunderstanding of the appeal waiver, which are contrary to the relevant evidence of record, are insufficient to defeat enforcement of the waiver. *See, e.g.*, *United States v. Triplett*, 402 F. App'x 344, 346-47 (10th Cir. 2010) (making same point in rejecting similar challenge to voluntariness of plea waiver).

Second, Mr. Hidrogo contends his plea was improperly based on counsel's mistaken belief that, notwithstanding the statutory maximum of 20 years, his sentence would only be approximately 50 months. There is no evidence of such an estimate by counsel. But, in any event, erroneous estimates by counsel do not undermine a plea, at least where the defendant acknowledged that his sentence could not be predicted with any certainty because it lay solely within the discretion of the district court. *See United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005). Mr. Hidrogo acknowledged in his plea petition that his sentence "is solely a matter for the judge to decide," R. Vol. 1 at 172, and that he understood "no one has any authority to make any . . . promise or prediction on [his] sentence because the matter of sentencing is exclusively within the control of the judge and no one else," *id.* at 178. He also affirmed at the plea hearing that his sentence was "solely a matter within the control of the judge." R. Vol. 3 at 92.

Finally, Mr. Hidrogo complains that he received incompetent advice from counsel in connection with his plea. Ineffective-assistance claims may be heard on direct appeal "only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists" for this court to review. *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011). Neither of those conjunctive conditions is satisfied here. This bar to ineffective-assistance claims applies even when they are raised in an effort to invalidate an appeal waiver. *See United States v. Porter*, 405 F.3d 1136, 1143-44 (10th Cir. 2005). Under such circumstances, we properly enforce the appeal waiver on direct appeal, but do not thereby prejudice the defendant's ability to pursue an ineffective-assistance claim on collateral review. *See, e.g.*, *United States v. Polly*, 630 F.3d 991, 1003 (10th Cir. 2011).

The government's motion to enforce the appeal waiver is granted and the appeal is dismissed. Counsel's request for leave to file a motion to withdraw is granted.

Entered for the Court
Per Curiam

- 4 -