59 F.3d 166
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Clinton D. DAVIS, Plaintiff-Appellant,
v.
Mason WATERS, Warden, MCI, Defendant-Appellee.
 No. 92-6208.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 4, 1995
Decided: June 20, 1995
 
 ARGUED: Christopher B. Hood, Student Counsel, Appellate Litigation Clinical Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant.
 Kathleen Susan Hoke, Staff Attorney, OFFICE OF THE ATTORNEY GENERAL, Baltimore, MD, for Appellee.
 ON BRIEF: Steven H. Goldblatt, Bonnie I. Robin-Vergeer, Supervising Attorney, Appellate Litigation Clinical Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, DC, for Appellant.
 J. Joseph Curran, Jr., Attorney General of Maryland, Andrew H. Baida, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Baltimore, MD, for Appellee.
 Before WIDENER, HALL, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Clinton D. Davis brought this action pursuant to 42 U.S.C.A. Sec. 1983 (West 1994), claiming inter alia that Mason Waters, the Warden at Maryland Correctional Institute-Hagerstown (MCI-H) where Davis is incarcerated, violated his right to due process as guaranteed by the Fourteenth Amendment by finding that he had violated prison disciplinary rules without evidence to support the conclusion. Davis appeals a decision of the district court granting summary judgment to Waters. We affirm.
 
 I.
 
 2
 During a riot at MCI-H in May 1991, prisoners obtained keys to several tiers and opened cells, permitting hundreds of prisoners to leave their assigned cells; approximately 1,000 of the 1,200 inmates incarcerated at MCI-H participated in the riot. After prison officials regained control of the facility, Davis was discovered outside of his assigned cell and subsequently was charged with three institutional disciplinary infractions--violations of Rules 1, 3, and 19. Those rules prohibit:
 
 
 3
 1. Wrongful killing, assault, battery or fighting.
 
 
 4
 3. Inciting, creating, participating in, being involved in any manner, or committing any mutinous act, riot, or disturbance. 19. Being absent from, arriving late to, or leaving any assigned area without permission; or being in any unassigned or otherwise unauthorized area without permission.
 
 
 5
 During his subsequent disciplinary hearing, Davis admitted that he had left his assigned cell during the riot, claiming that he was afraid to remain in his cell and that he fled the area to avoid the threat posed by other prisoners and the measures being taken by prison officials to regain control. No evidence was presented that Davis had participated in the riot other than the fact that he was found outside of and away from his assigned cell. After the hearing officer found that Davis had violated Rules 3 and 19, he was sentenced to 180 days in punitive segregation and the loss of 60 days of good-time credit for violating Rule 3 and to 40 days concurrent punitive segregation for violating Rule 19. Waters approved these decisions.
 
 II.
 
 6
 The issue before this court is whether the district court properly granted summary judgment on Davis' claim that Waters lacked sufficient evidence to conclude that Davis had violated Rules 3 and 19. A prison disciplinary proceeding must satisfy the Due Process Clause before an inmate constitutionally may be deprived of his life, liberty, or property. See Wolff v. McDonnell, 418 U.S. 539, 556-58 (1974). The parties do not dispute that Davis possessed a liberty interest in good-time credits and in being free from punitive segregation. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 461 (1989). In order to pass scrutiny under the Due Process Clause, a decision depriving an inmate of a liberty interest must be based on "some evidence." See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454-55 (1985). In determining the sufficiency of the evidence to support the decision, "the relevant question is whether there is any evidence in the record that could support the conclusion reached." Id. at 455-56.
 
 
 7
 Davis asserts that there was insufficient evidence to support the conclusion that he violated Rules 3 and 19. We disagree. It is undisputed that Davis was found outside of and away from his cell after the prison was secured following the riot, and Davis admitted that he left his assigned cell; thus, there can be no serious contention that a modicum of evidence did not exist to support the conclusion that Davis violated Rule 19. Further, as to Rule 3, the fact that Davis left his cell was also evidence to support the finding that he participated in or was involved in some manner in the riot. We agree with Waters that Davis' departure from his cell was sufficient to violate this Rule because prisoners who do no more than leave their assigned cells during such a disturbance contribute to the tumult and make more difficult the efforts of officials to quell the riot and secure the facility. Accordingly, we conclude that the district court properly granted summary judgment to Waters.*
 
 AFFIRMED
 
 
 *
 Similarly, we conclude that Waters' application of a sentencing override provision did not violate Davis' right to due process because the evidence that Davisn left his assigned cell during the riot was sufficient evidence to support the decision that he participated in an incident which resulted in injury to both staff and inmates