Simon **ALLEN**, Petitioner–Appellant,

v.

**AL C. PARKE, Superintendent,**
**Respondent–Appellee.**

No. 03–3027, 03–3028.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 21, 2004.*

Decided Oct. 22, 2004.

---

* On August 16, 2004, this court granted the appellee's motion for an order of noninvolvement due to the lack of service in the district court. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Simon Allen, Greencastle, IN, pro se.

Steve Carter, Office of the Attorney General, Indianapolis, IN, for Respondent-Appellee.

Before MANION, EVANS, and SYKES, Circuit Judges.

## ORDER

Based on two separate incidents that resulted in disciplinary sanctions, Simon Allen filed two separate petitions for habeas corpus relief. The district court denied both petitions, and Allen appealed. We consolidated these appeals for purposes of briefing and disposition, and affirm.

The first petition, No. 03 CV 109, relates to an incident that occurred on September 28, 2002, in which an Officer Treash observed Allen making sexual gestures and wrote him up in a conduct report. Allen entered a plea of not guilty at his disciplinary hearing, arguing that Treash was mistaken and that the person making lewd gestures was in fact another inmate, Charlie Dodd. Dodd backed up Allen's version, providing a written statement at the disciplinary hearing that "Treash was waving at me and I was masturbating. She wanted ed me to come to the desk. Allen had left the stall and returned to the Bunk. The C/O has the two of us mixed up." Eight other inmates corroborated this version of events, signing a statement that read, "I heard Charlie Dodd # 110303 say it was him hitting a lick and the C/O thought it was Allen." The Conduct Adjustment Board, however credited Treash's version of the incident as "true and factual," and found Allen guilty of making lewd gestures. The CAB then reprimanded Allen and recommended that 30 days of earned time credit be taken away.

Allen exhausted his administrative remedies, and then petitioned the district court for habeas corpus relief, claiming that the CAB did not adequately consider his exculpatory evidence, and violated his due process rights by crediting solely the conduct report. The court determined that the conduct report "was quite clear concerning the question of identity" and that Allen's argument presented nothing more than a question as to the weight of the evidence. The court concluded under *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir.1996), that the "some evidence" standard "does not permit courts to consider the relative weight of evidence presented to the disciplinary board." Accordingly, the district court dismissed Allen's petition.

The second petition, No. 03 CV 130, stems from an incident on December 12, 2002, involving an assault on Officer Hall, a prison guard. A prison investigation revealed that an inmate named Maddox had assaulted Hall, but that Allen encouraged Maddox to commit the assault and then handcuff Hall. According to the conduct report prepared by Officer David Wire, Allen assisted in "collect[ing] tobacco to pay offender Maddox to commit the assault," and Allen was "very active in commanding, inducing and procuring of-

fender Maddox to commit battery." Wire prepared an investigation report and conduct report taking evidence "derived from approximately two (2) to ten (10) eyewitness accounts who will be referred to as confidential informants." In relying on confidential informants, Officer Wire signed an affidavit specifically outlining how the testimony was found reliable. Allen was then charged with attempting to commit a class A offense, commanding, inducing, counseling or procuring a person to commit battery upon another person which inflicted serious injury. The CAB relied on the conduct report and physical evidence (pictures) to find Allen guilty as charged. Allen was reprimanded in writing and received 180 days' disciplinary segregation, was deprived of 90 days' earned time credit, and was demoted one credit-class level.

After Allen exhausted his administrative remedies, he filed a habeas corpus petition, raising a number of due process claims, including that he was denied a fair hearing before impartial decision-makers, was not given adequate copies of witness statements, and was denied the chance to cross-examine witnesses. The district court, however, dismissed the petition, finding some evidence of Allen's culpability, and concluding that Allen received all the process to which he was due.

Indiana prisoners have a protected liberty interest in earned good-time credits. Ind.Code §§ 35–6–3, 35–6–4 (1988); *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002). In prison disciplinary hearings, due process entitles prisoners to (1) advance written notice of the charges against them at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the

disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *McPherson v. McBride*, 188 F.3d 784, 785–86 (7th Cir. 1999).

### 1. *First Petition*

■ On appeal, Allen renews his challenge that the CAB improperly found him guilty of making lewd gestures on September 28, 2002. Allen contends that the CAB violated his due process rights by failing to provide him a written explanation of the evidence relied on or the reasons for the disciplinary action. The CAB's ruling indicates that the Board considered staff reports, Allen's own statement, and evidence from witnesses, but nowhere in the ruling does the CAB address evidence that Allen deems exculpatory, such as Charlie Dodd's statement or the corroborating statements signed by eight other inmates.

Procedural due process requires that "some evidence" support the decision by the prison disciplinary board. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Henderson v. U.S. Parole Comm'n.*, 13 F.3d 1073, 1077 (7th Cir.1994). In reviewing a decision for "some evidence," courts need not conduct an examination of the entire record, independently assess the credibility of witnesses, or weigh the evidence, they need only determine whether the Board's decision has some factual basis. *Hall*, 472 U.S. at 455, 105 S.Ct. 2768, *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir.1996). Due process also requires a written statement by the fact-finder as to the evidence relied on and the reasons for the disciplinary action, *Whitford v. Boglino*, 63 F.3d 527, 536–37 (7th Cir.1995). But a prisoner is only entitled to an explanation of why exculpatory evidence was disregarded,

when that evidence directly undermines the evidence in the record pointing to the prisoner's guilt. *Meeks,* 81 F.3d at 720.

■ In this case, "some evidence" supports the CAB's determination that Allen was guilty, thus due process requirements were satisfied. The CAB relied on staff reports, Allen's own statement, and evidence from witnesses to find the conduct report "true and factual.". Although the CAB did not specifically assess Allen's allegedly exculpatory evidence, they did consider the exculpatory evidence before rejecting it in favor of the officer's own eyewitness account. Further, because Allen's exculpatory evidence did not directly undermine the validity of the conduct report, but merely provided an alternative to the conclusions in the conduct report, Allen was not entitled an explanation of why exculpatory evidence was disregarded. Because the conduct report may be relied on by the CAB as evidence of guilt, "some evidence" supports the CAB's determination. The CAB indicated exactly which evidence they relied on in finding the conduct report true and factual, thus satisfying the due process requirement that they provide a written statement of the evidence relied on and the reasons for the disciplinary action.

### 2. *Second Petition*

■ Regarding the second incident, on December 12, 2002, Allen argues that the CAB's reliance on confidential informants denied him the opportunity to view witnesses' statements or cross-examine witnesses, thus violating his due process rights.

Confidential informants may be relied on, and may serve as the basis of an investigation report, *Whitford,* 63 F.3d at 535, but due process requires that information from a confidential informant bear sufficient indicia of reliability, *see id.* Reliability can be established based on (1) the

oath of the investigating officer as to the truth of his report; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of a past record of reliability; or (4) an *in camera* review of material documenting the investigator's assessment of the credibility of the confidential informant's credibility. *Whitford,* 63 F.3d at 535–36.

■ Here, Officer Wire attested to the reliability of the confidential informants, sufficiently indicating their reliability to satisfy due process requirements. Wire's oath and affidavit specifically outlined how the confidential informants were shown reliable through corroborating testimony and Wire's firsthand knowledge of the reliability of the information's source. Because here, the confidential informants were shown reliable, their testimony provides "some evidence" supporting Allen's participation in the incident of December 12, 2002. We affirm the district court's dismissal of Allen's petition.

■ Allen also argues that he was denied a fair hearing because the CAB was biased. He seems to suggest that members of the CAB knew and worked with Officer Hall and thus could not be impartial in handling his proceeding. Allen claims that "due to the nature of the write up, an outside hearing [b]ody should have [b]een [b]rought in to see the case. Due to the facts that the write up involved a fellow coleague (sic.) of the members on the Conduct Adjustment Board."

However, CAB members will be disqualified only when they cannot be impartial due to direct or substantial involvement in the incident underlying a disciplinary hearing. *See Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir.2000), *overruled on other grounds by White v. Ind. Parole Bd.,* 266

F.3d 759, 768 (7th Cir.2001). Merely working, or even being friends with the victim is mere tangential involvement, which does not require disqualification of the decision-maker, *see id.*, otherwise an outside hearing body would need to be brought in every time an inmate was charged with a crime against a prison official. Because Allen has not shown that the CAB had a direct or substantial involvement in the incident involving Officer Hall, there was no need to disqualify the CAB members.

Accordingly, the district court's dismissal in No. 03 CV 109 is AFFIRMED. We also AFFIRM the district court's dismissal in No. 03 CV 130, because there was no violation of Allen's due process rights. In light of this decision, Allen's request for appointment of counsel is DENIED.