FILED
United States Court of Appeals
Tenth Circuit

**April 8, 2013**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL G. SELF,

        Petitioner - Appellant,

v.

KEVIN MILYARD, Warden, Sterling
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 12-1072
(D.C. No. 1:11-CV-00502-REB)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Daniel G. Self, a prisoner in the custody of the State of Colorado

proceeding pro se,[1] seeks a certificate of appealability ("COA") to appeal from

the district court's denial of his 28 U.S.C. § 2254 petition.  Additionally, he has

---

      [*]      This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

      [1]      Because Mr. Self is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n. 2 (10th Cir. 2010).

renewed his motion—that the district court previously denied—to proceed on appeal *in forma pauperis* ("IFP"). Having thoroughly reviewed the relevant law and the record, we **deny** Mr. Self's request for a COA, **grant** Mr. Self's request to proceed IFP, and **dismiss** this matter.

**I**

Mr. Self was tried by a jury and convicted of first-degree murder in the shooting death of L.G., who was seven months pregnant at the time of her murder. On direct appeal and state post-conviction review, the Colorado Court of Appeals ("CCA") upheld his conviction.

Mr. Self then filed the instant habeas petition in federal district court, seeking relief under 28 U.S.C. § 2254. Mr. Self's petition alleged six claims for relief:

> (1) Ineffective assistance of trial counsel and prosecutorial misconduct; (2) trial court error in allowing cumulative errors and harmless errors to taint the trial process; (3) trial court error in allowing prosecution's comments on the death and delivery of a fetus; (4) trial court error in admitting out-of-court statements based on excited utterances and other act evidence; (5) trial court error in admitting statements made in violation of *Miranda*; and (6) CCA error in invoking exceptions to the warrant requirement.

Aplt. App. at 711 (Order to Dismiss in Part & for Answer, filed June 15, 2011). After an initial analysis, the district court dismissed Mr. Self's ineffective-assistance-of-counsel claim as well as his cumulative-error claim and directed Respondents to address the merits of the remaining claims. After reviewing

-2-

Respondents' subsequent response, all of Mr. Self's filings, and the voluminous record, the district court denied Mr. Self's petition. The district court also denied Mr. Self a COA and his motion to proceed IFP.

## II

Mr. Self now seeks a COA from our court on all of the claims that he presented to the district court, except his claim regarding the alleged ineffective assistance of his trial counsel. In other words, Mr. Self seeks a COA regarding whether the district court erred by: (1) dismissing his first prosecutorial misconduct claim without first conducting an evidentiary hearing; (2) finding that *Stone v. Powell*, 428 U.S. 465 (1976), precluded Mr. Self's Fourth Amendment claim, and dismissing this claim on the merits; (3) denying Mr. Self's prosecutorial misconduct claim regarding mentions of a fetus in violation of a pre-trial order; (4) finding no merit to his claim regarding hearsay and other-acts evidence; (5) finding no merit to Mr. Self's claim regarding *Miranda* violations; and (6) finding that his cumulative-harmless-error claim was unexhausted, although he had allegedly "properly presented [it] to the state's highest court." Mot. for COA at 1–2 (filed Mar. 5, 2012).

### A

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever the detention complained of . . . arises out of process issued by a State court."

*Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) (quoting *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000)) (internal quotation marks omitted); *see* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Our determination "requires an *overview* of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336 (emphasis added). This overview, however, is necessarily limited as our "threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.*

**B**

Pursuant to the framework set out by the Supreme Court, most notably in *Miller-El* and *Slack*, we have carefully reviewed Mr. Self's opening brief and motion for a COA, as well as the district court's decisions and the voluminous record, including the trial testimony, the state trial court's rulings, and the CCA's

decisions. Based upon this review, for reasons that are substantially the same or similar to those that the district court articulated, we conclude that Mr. Self is not entitled to a COA on any of his claims.[2] He has not made a substantial showing of the denial of a constitutional right. Reasonable jurists could not debate whether Mr. Self's § 2254 motion should have been resolved in a different manner, and the issues that he seeks to raise on appeal are not adequate to deserve encouragement to proceed further.

### III

Accordingly, we **deny** Mr. Self's request for a COA, **grant** his motion to

---

[2]    We pause to note that, to the extent that we disagree with some of the particulars of the district court's analysis, such a disagreement does not perforce require us to grant Mr. Self a COA, so long as we are confident in the correctness of the district court's *ultimate resolution* of his habeas claims—and we are. *See Whitmore v. Parker*, 484 F. App'x 227, 236 (10th Cir. 2012) ("Although adopting a different rationale, we agree with the district court's ultimate rejection of this claim."); *see also Brown v. Roberts*, No. 11-3085, 2012 WL 5507236, at *4 (10th Cir. Nov. 14, 2012) ("While we arrive at that conclusion through a somewhat different path than that employed by the district court, we find that reasonable jurists could not disagree with the district court's ultimate *resolution* in dismissing the petition."). For example, with respect to Mr. Self's request for an evidentiary hearing in connection with his prosecutorial misconduct claim, this request is easily resolved by reliance on *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), where the Court explained that "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing," *id.* at 1400–01, and held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," *id.* at 1398. The district court did not cite, nor refer to, *Cullen*. But under both the district court's analysis and under a more appropriate analysis based on *Cullen*, Mr. Self's claim of prosecutorial misconduct does not warrant an evidentiary hearing, nor does his claim warrant a COA.

-5-

proceed IFP, and **dismiss** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge